# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED
APR 11 2018
David J. Bradley, Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Gray LG Smart Cellular Phone | )<br>)<br>) Case No. B-18-365-MLJ<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A Gray LG smart cellular phone currently located at the United States Border Patrol Brownsville Border Patrol Station, 940 N. FM 511 Olmito, Texas 78575

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments "A"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C § 1325 | Entry Without Inspection |
| 8 U.S.C § 1324 | Alien Smuggling |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☐ ~~Delayed notice of~~ ___ ~~days (give exact ending date if more than 30 days:~~ ___ ~~) is requested~~
~~under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.~~

*Applicant's signature*

Mark A. Middleton US Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Apr 11, 2018

*Judge's signature*

City and state: Brownsville, Texas

United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| In the Matter of the Search of a **Gray LG Smart Cellular Phone** | § § § § § Case No. B-18-365-MJ § § § § § |
| Currently Located at the **United States Border Patrol Brownsville Border Patrol Station 940 N. FM 511 Olmito, TX 78575** | |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Mark A. Middleton, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Fed. R. Crim. P. 41 for a warrant to search a Gray LG Smart Cellular Phone, (hereinafter "Device"), which is currently stored, in law-enforcement possession, at the United States (US) Border Patrol (BP) Brownsville Border Patrol Station, 940 N. FM 511, Olmito, Texas 78575, for certain things particularly described in Attachment A.

2. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of agents.

3. The Device is currently in the lawful possession of BP as a result of being discovered by BP Agents while performing patrol duties near the border fence in Brownsville, Texas in an area known to BP Agents as being utilized for illicit activity in the past. While agents might already have all necessary authority to search the Device, I seek this additional warrant out of an abundance of caution to be certain that a search of the Device will comply with the Fourth Amendment and other applicable laws.

4. I am an Agent with the USBP assigned to the Rio Grande Valley Sector, Brownsville Station Intelligence Collateral Unit. I have served as a USBP Agent since August

1

31, 2009. I am a law enforcement officer of the U.S., within the meaning of 18 U.S.C. § 2510(7), who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes.

5. During my career, I have been a part of numerous arrests linked to narcotics smuggling, harboring and transporting of undocumented aliens. Through these arrests, along with my training and experience and conversations with other agents and law-enforcement personnel, I have become familiar with the methods used by narcotics and human smugglers to smuggle and safeguard narcotics and undocumented aliens and to thwart or evade investigations of their trafficking organizations. One of the tactics frequently used by these organizations is the consistent use of cellular telephones and cellular telephones equipped with radio transmitters to coordinate the smuggling arrangements of narcotics and undocumented aliens in furtherance into the U.S. I am aware that members of these organizations often store co-conspirators' telephone numbers in the telephone memory and communicate using code names through cellular telephones and their radio transmitters to facilitate transactions and to conceal their identities.

6. This affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant for the Device. As such, not all facts known to me or other agents concerning this investigation have been included. This affidavit was approved for filing by Assistant U.S. Attorney.

**PROBABLE CAUSE**

7. On April 5, 2018, at approximately 6:50PM, Brownsville Border Patrol Agents performing Remote Video Surveillance System duties observed several subjects running north of the river levee near the Public Utilities Board Compound in Brownsville, TX. This area is within walking distance of the Rio Grande River, the international border between the United States and Mexico.

8. At approximately 7:30PM on the aforementioned date, Brownsville Border Patrol Agents apprehended a group of six aliens who had unlawfully entered the United States by crossing the Rio Grande at a place not designated as a Port of Entry. Responding agents observed one subject run south toward the Rio Grande River to evade apprehension. A responding agent

2

observed the one subject who was running south towards the Rio Grande River drop something out of his hand. The subject continued to run south and was observed returning back to Mexico by swimming across the Rio Grande River. A grey LG smart cellular phone was found abandoned on the ground on the path the south bound subject was observed running on. The apprehended aliens were shown the phone and all subjects denied ownership. It is affiant's experience that illegal aliens often use cell phones to coordinate pickup and transportation away from the border area of the United States.

9. Agents transported the device to the Brownsville Border Patrol Station. At the Brownsville, Texas Border Patrol Station, the phone, which was deemed to be abandoned, was later turned over to Brownsville Intelligence Unit Agents and stored in a secure location at the Brownsville Border Patrol Station in Olmito, Texas for future exploitation.

### ELECTRONIC DEVICES AND STORAGE

10. As described herein and in Attachment A, this application seeks permission to search and seize things that the Device might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic Devices can store information for long periods of time. Even when a user deletes information from a Device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Device. This information can sometimes be recovered with forensics tools.

11. Searching for the evidence described in Attachment A may require a range of data-analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully-targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment A, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, BP

3

Agents intend to use whatever data-analysis techniques appear necessary to locate and retrieve the evidence described in Attachment A.

## CONCLUSION

12. I submit that this affidavit supports probable cause for a warrant to search the Devices and seize the items described in Attachment A.

Respectfully submitted,

_____
Mark A. Middleton
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me

On April 11, 2018:

_____
United States Magistrate Judge

4

# ATTACHMENT A

1. All records and information, contained in a Gray LG smart cellular phone that involve violations of, 8 U.S.C. §§ 1325 (Entry Without Inspection) and 1324 (Alien Smuggling)

    a. any information related to narcotic smuggling and alien smuggling (including saved contacts, phone logs, text messages, voice mails, videos, photos, or any other saved records); and

    b. evidence of user attribution showing who used or owned the Device at the time the things described in this warrant and attachment were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored (including, for example: call logs, contact lists, voicemails, and text messages), including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.